IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUNSHINE EASTGATE PLAZA LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  3:25-CV-02990-O |
| | § | |
| LEXINGTON INSURANCE | § | |
| COMPANY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION & ORDER**

Before the Court is Defendant StarStone Specialty Insurance Company's ("StarStone") Motion to Strike Plaintiff's Claims for Attorney's Fees, to which Defendant Axis Surplus Insurance Company's ("Axis") joins, and Brief and Appendix in Support (ECF Nos. 13, 14, 15, 16); Plaintiff's Response to the Motion to Strike (ECF No. 21); and Defendants Axis's and StarStone's Replies (ECF Nos. 22, 23). Having considered the Motion, briefing, and applicable law, the Court finds that the Motion should be, and hereby is, **GRANTED**.

**I.    BACKGROUND**

According to Plaintiff's Complaint, this case is about an insurance coverage dispute arising out of alleged storm damage to a commercial building (the "Property"). The Property was insured under three separate commercial property policies issued by Defendants. Plaintiff alleges that on September 24, 2024, the Property sustained wind and hail damage. According to Plaintiff's complaint, upon discovery of the damage, Plaintiff filed a claim. Defendants sent a field inspector to the Property. After the inspection, Plaintiff alleges that it followed up with an unspecified defendant for updates on its claim. Plaintiff alleges that the full benefits due under the policy were not paid out.

On May 7, 2025, pursuant to Texas Insurance Code Chapter 541 and Chapter 542, Plaintiff sent a Notice of Intent ("NOI") letter addressed to Ryan Vesta and Lexington Insurance Company.[1] On September 25, 2025, Plaintiff filed this lawsuit bringing claims for breach of contract, violations of chapters 541 and 542 of the Texas Insurance Code, and declaratory judgment. The case was subsequently removed to this Court.

## II.    LEGAL STANDARD

Section 542A.003 of the Texas Insurance Code provides that "not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person . . . ." Tex. Ins. Code § 542A.003(a). The notice must provide: "(1) a statement of the acts or omissions giving rise to the claim; (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and (3) the amount of reasonable and necessary attorney's fees incurred by the claimant . . . ." *Id.* at § 542A.003(b). If notice is provided by an attorney or representative on the claimant's behalf, "the attorney or representative shall: (1) provide a copy of the notice to the claimant; and (2) include in the notice a statement that a copy of the notice was provided to the claimant." *Id.* at § 542A.003(c)(1). "The notice requirement is intended to give a defendant insurer a right and opportunity to make a settlement offer." *Rodriguez v. Metro. Lloyds Ins. Co. of Tex.*, No. 5:15-CV-143-C, 2015 WL 12699855, at *4 (N.D. Tex. July 27, 2015) (citing Tex. Ins. Code § 541.156).

## III.    ANALYSIS

Defendants argue that Plaintiff did not provide them with the requisite notice of its claims under § 542A.007(d) of the Texas Insurance Code including a statement of facts or omissions by

---

[1] Pl.'s Resp. Defs.' Mot. Strike Ex. A (Plaintiff's NOI Letter), ECF No. 21.

Defendants giving rise to the claims asserted in these proceedings, the precise amount alleged to be owed by Defendants, and the amount of reasonable and necessary attorneys' fees incurred by Plaintiff.[2] Plaintiff responds that the May 7, 2025 letter addressed to Defendant Lexington constitutes pre-suit notice to Defendants Axis and StarStone.[3] The Court disagrees with Plaintiff.

The Texas Supreme Court explained that section 542A.003 "requires the notice to provide 'the specific amount alleged to be owed by *the insurer* on *the claim*.'" *In re Lubbock Indep. Sch. Dist.*, 700 S.W.3d 426, 428 (Tex. 2024) (per curiam) (emphasis in original) (citing Tex. Ins. Code § 542A.003). The Texas Supreme Court held that an insured's "single notice to all insurers failed to satisfy these requirements" because "it failed to separately state the amount alleged to be owed by each insurer." *Id.* Here, Plaintiff's NOI asserts that "*Lexington Insurance Company* has failed to issue full payment for necessary repairs."[4] The letter to Lexington describes no acts or omissions by either StarStone or Axis.

On September 25, 2025, Plaintiff filed its Complaint asserting breach of contract and statutory claims against StarStone, Lexington, and AXIS.[5] As such, pursuant to § 542A.003(b)(2) of the Texas Insurance Code, Plaintiff was required to provide StarStone and Axis pre-suit notice no later than July 26, 2025. Plaintiff only provided Lexington with the required presuit notice.[6] Providing presuit notice to other insurers but not Defendants, cannot satisfy the presuit notice requirements set out in the Texas Insurance Code. *Lotus SKY, LLC v. Lexington Ins. Co.*, No. 2:24-CV-00085-Z-BR, 2024 WL 3906768, at *2 (N.D. Tex. Aug. 22, 2024).

---

[2] Br. Supp. Mot. Strike 5, ECF No. 14.
[3] Pl.'s Resp. Defs.' Mot. Strike 3–5, ECF No. 21.
[4] Pl.'s Resp. Defs.' Mot. Strike, Ex. A (Plaintiff's NOI Letter), ECF No. 21 (emphasis added).
[5] *See* Compl. ¶¶ 44–77, ECF No. 1-6.
[6] *Id.*

Plaintiff argues in the alternative that should the Court find that Defendants were not given proper presuit notice but that "the appropriate remedy would be limited abatement to allow supplemental notice—not striking Plaintiff's attorneys' fees." Again, the Court disagrees. In 2017, the Texas Legislature revised the Insurance Code to provide defendant-insurers with a choice of remedies when plaintiffs do not provide the required presuit notice "such as limiting attorney's fees (Tex. Ins. Code § 542A.007(d)) or abating the proceedings (Tex. Ins. Code § 542A.005)." *Rahe v. Meridian Sec. Ins. Co.*, No. 3:21-CV-545-E, 2022 WL 614995, *3 (N.D. Tex. Feb. 28, 2022). Defendants StarStone and Axis chose to limit Plaintiff's attorney's fees and abatement is inappropriate where a defendant has not filed a plea in abatement. *See id.* (citing Tex. Ins. Code § 542A.005(a)).

## IV.   CONCLUSION

For the forgoing reasons it is **ORDERED** that Defendants' Motion to Strike (ECF No. 13) is **GRANTED**. Plaintiff shall not recover any attorney's fees incurred after the filing date of StarStone's 542A.007(d) pleading on November 10, 2025.

**SO ORDERED** on this **19th day** of **May, 2026**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**