IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUNSHINE EASTGATE PLAZA, LLC | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-cv-02990-O |
| | § | |
| | § | |
| LEXINGTON INSURANCE COMPANY, | § | |
| AXIS SURPLUS INSURANCE COMPANY, | § | |
| AND STARSTONE SPECIALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

**DEFENDANTS AXIS AND STARSTONE'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE (ECF NO. 34)**

Defendants AXIS Surplus Insurance Company ("AXIS") and StarStone Specialty Insurance Company ("StarStone") file this Response in Opposition to Plaintiff Sunshine Eastgate Plaza, LLC's ("Plaintiff") Motion to Dismiss Without Prejudice (ECF No. 34). AXIS and StarStone respectfully urge the Court to dismiss this action with prejudice. In support, AXIS and StarStone show as follows:

## I.   SUMMARY

Rule 41(a)(2) gives this Court discretion to dismiss a case with prejudice where dismissal without prejudice would result in plain legal prejudice. This case presents precisely those circumstances. Plaintiff filed suit without providing the pre-suit notice required by Chapter 542A of the Texas Insurance Code and then repeatedly failed to prosecute its claims. Plaintiff never responded to AXIS and StarStone's motions to dismiss and instead four months later amended its complaint without leave of court while those motions remained pending. Plaintiff further failed to

1

respond to written discovery requests and never produced any documents supporting its claims. Due to Plaintiff's failure to provide pre-suit notice, this Court has already dismissed Plaintiff's claim for recovery of attorneys' fees (ECF No. 32).

Nor is this case an isolated occurrence. These same Plaintiff LLC owners/members represented by the same counsel have similarly failed to prosecute their claims in two companion cases involving the same insurance policies and same Defendants. The companion cases also involve Court ruling dismissing some of Plaintiff's claims, and Plaintiff failed to respond to written discovery, produce any documents, and designate any experts within those Courts' deadlines. Like here, they seek dismissal without prejudice, and like here, Defendants are urging a dismissal with prejudice.

Rule 41(a)(2) does not permit Plaintiff to avoid the consequences of its failures through a voluntary dismissal without prejudice. So, the Court should dismiss this case with prejudice. At a minimum, any dismissal should provide that Plaintiff's attorneys' fees claim pursuant to Chapter 542A of the Texas Insurance Code is dismissed with prejudice.

## II.    <u>RELEVANT BACKGROUND</u>

Without first providing the pre-suit notice required by Chapter 542A of the Texas Insurance Code, Plaintiff filed this lawsuit in the 101st Judicial District Court of Dallas County, Texas, asserting claims for breach of contract, and violations of Chapters 541 and 542 of the Texas Insurance Code. ECF No. 1-6. After removing the case, AXIS and StarStone moved to dismiss Plaintiff's extra-contractual claims pursuant to Federal Rule 12(b)(6). ECF Nos. 5, 7. Plaintiff never responded to those motions.

The parties conducted their Rule 26(f) conference on November 17, 2026, and submitted their Joint Discovery/Case Management Plan. ECF No. 12. Because Plaintiff failed to provide

proper pre-suit notice, AXIS and StarStone filed motions to preclude Plaintiff's recovery of attorneys' fees under Texas Insurance Code § 542A.007(d). ECF Nos. 13, 16.

More than four months after AXIS and StarStone filed their motions to dismiss, and while those motions were pending, Plaintiff filed an amended complaint without first obtaining leave of court or notifying Defendants. The Court thereafter denied AXIS and StarStone's motions to dismiss as moot. ECF No. 27. The Court also directed the parties to confer and submit a Joint Scheduling Report. ECF No. 28. The parties conducted a second Rule 26(f) conference on April 14, 2026, and submitted their Joint Scheduling Report on April 28, 2026. ECF No. 31. That same day, AXIS and StarStone served written discovery, seeking, among other things, the factual basis for Plaintiff's claims and the documents supporting those claims. *See generally* Ex. A at App. 3–28. Plaintiff never served discovery responses or produced the requested documents.

On May 19, 2026, the Court granted AXIS and StarStone's motion to strike Plaintiff's attorneys fees,  precluding Plaintiff from recovering any attorneys' fees incurred after November 10, 2025. ECF No. 32. Thereafter, the Court entered a Scheduling Order. ECF No. 33.  Plaintiff did not raise its request for voluntary dismissal until late in the day on July 21, then filed its Motion to Dismiss without Prejudice before Defendants had a reasonable opportunity to respond.

### III.     <u>RESPONSE</u>

**A. Dismissal Without Prejudice Would Result in Plain Legal Prejudice.**

As the Fifth Circuit has recognized, "Rule 41(a)(2) clearly provides authority to the district court to grant the dismissal on the condition that it be with prejudice." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002). AXIS and StarStone respectfully urge the Court to dismiss this action with prejudice because dismissal without prejudice would result in plain legal prejudice.

Since removal, Plaintiff has repeatedly failed to prosecute this action while requiring

Defendants to continue defending it. Plaintiff never responded to AXIS and StarStone's Rule 12(b)(6) motions. More than four months later, Plaintiff filed an amended complaint without first obtaining leave of court or notifying Defendants, rendering those motions moot. Plaintiff likewise never responded to written discovery or produced the requested documents. During that same period, this Court granted AXIS and StarStone's motion under Texas Insurance Code § 542A.007(d). Plaintiff then advised Defendants that it intended to seek voluntary dismissal and filed its Motion to Dismiss Without Prejudice.

Courts routinely deny Rule 41(a)(2) motions where a plaintiff seeks dismissal without prejudice only after abandoning the litigation while defendants continue investing time and resources defending the case. *See e.g., Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360–61 (5th Cir. 1990) (affirming finding of prejudice where plaintiff requested voluntary dismissal ten months after removal and the parties had undergone discovery); *Forbes v. CitiMortgage, Inc.*, 998 F. Supp. 2d 541, 547 (S.D. Tex. 2014) (refusing to grant voluntary dismissal where plaintiff's motion "is a plain attempt to avoid the consequences of her failure to participate in discovery and to avoid an adverse ruling in her case"). Likewise, a Texas federal district court denied a plaintiff's Rule 41(a)(2) motion, after nearly eight months on the federal docket, defendants had removed the case, filed answers, participated in Rule 26 conference, submitted a case management plan, served initial disclosures, filed motions to dismiss certain claims and otherwise participated in the litigation, even though no summary judgment motion had been filed. The court concluded that dismissal would result in legal prejudice because plaintiff's lack of diligently prosecuting the action and offered no meaningful explanation for dismissal. *See Smith v. YRC Inc.*, No. 1:19-CV-99, 2019 WL 13218261, at *3–4 (E.D. Tex. Oct. 18, 2019).

The same circumstances are present here. Plaintiff repeatedly failed to prosecute its claims

4

(including pre-litigation failures). Plaintiff never responded to AXIS and StarStone's 12(b)(6) motions, filed an amended complaint months later without first obtaining leave of court or notifying Defendants, failed to send pre-suit notice required under Chapter 542A, never responded to written discovery, and never produced the documents requested. Meanwhile, AXIS and StarStone removed the case, participated in two Rule 26(f) conferences, sought dismissal of Plaintiff's extra-contractual claims, moved to preclude Plaintiff's attorneys' fees under Texas Insurance Code § 542A.007(d), served written discovery, and complied with the Court's scheduling requirements. Plaintiff nevertheless seeks dismissal without prejudice after Defendants devoted substantial time and resources to defending this action. Rule 41(a)(2) does not permit a plaintiff to repeatedly disregard its litigation obligations, require defendants to continue defending the actin, and then avoid the consequences of its own failures through a voluntary dismissal without prejudice.

Plaintiff likewise offers no meaningful explanation for why dismissal should be without prejudice. Its motion states only that its representatives are "unable to participate in the litigation at this time." ECF No. 34 at 1. That conclusory assertion does not explain Plaintiff's repeated failures to diligently prosecute this case. "The absence of a satisfactory explanation for why a dismissal should be without prejudice has been identified in numerous cases as an important factor bearing on the court's decision whether to grant a motion to dismiss." *Freeny v. Apple Inc.*, No. 2:13-CV-0361-WCB, 2014 WL 4954541, at *2 (E.D. Tex. Oct. 1, 2014) (collecting cases). Plaintiff's conclusory explanation falls well short of justifying dismissal without prejudice.

Federal courts also deny Rule 41(a)(2) motions where dismissal without prejudice would allow a plaintiff to avoid the consequences of adverse rulings already entered in the lawsuit. *See Trautmann*, 2007 WL 869501, at *2−3 (denying voluntary dismissal where "not only [was] a ruling

5

adverse to Plaintiffs 'expected' in this case, it [had] already been rendered" and explaining that dismissal would "tell all future litigants that they can 'wipe the state clean' of all the adverse consequences of their dilatory pretrial conduct simply by moving for voluntary dismissal"); *see also Johns v. JPMorgan Chase Bank, N.A.*, No. A-13-CV-66-SS, 2013 WL 12129930, at *3 (W.D. Tex. Oct. 30, 2013) (denying voluntary dismissal because it would leave the plaintiff "free to refile and relitigate those claims in this or another court"); *Stiaes v. GEORXT, Inc.*, No. 12-3013, 2013 WL 3804770, at *2 (E.D. La. July 18, 2013) ("[I]f having to defend a case you have already won does not constitute clear legal prejudice to the defendant, it is hard to envision what would.").

The result is no different where the adverse ruling follows a motion under Texas Insurance Code § 542A.007(d). In *First Baptist Church Cotulla*, the insurer moved to preclude the insured's recovery of attorneys' fees under Texas Insurance Code § 542A.007(d) for failing to provide pre-suit notice. The insured then sought voluntary dismissal without prejudice. The court denied the insured's motion to dismiss without prejudice, reasoning that the plaintiff sought "to remedy its failure to notice Defendant and avoid an adverse ruling on a claim-dispositive motion." *First Baptist Church Cotulla, Tex. v. Church Mut. Ins. Co.*, No. 5:20-CV-241, 2021 WL 11728207, at *1−2 (S.D. Tex. June 23, 2021). The same principle applies here. Plaintiff failed to provide pre-suit notice required by Chapter 542A, this Court granted AXIS's and StarStone's motion under § 542A.007(d) (ECF No. 32), and Plaintiff now seeks dismissal without prejudice. Rule 41(a)(2) should not permit Plaintiff to avoid the consequences of that ruling through voluntary dismissal.

Plaintiff's request would relieve it of the consequences of its own failure to prosecute its claims. Rule 41(a)(2) is not a "do-over" provision, nor does it provide litigants with a "free pass" from the consequences of their own inaction. *See Trautmann*, 2007 WL 869501, at *2−3 (emphasizing that "Rule 41(a)(2) is not a 'do-over' provision" and denying voluntary dismissal

where plaintiff's predicament was of its own making and dismissal would grant an improper "free pass"). Here, Plaintiff chose not to prosecute its claims while Defendants continued defending this action. Plaintiff should not now be permitted to start over in a new lawsuit. *See F-Star Prop. Mgmt., Inc. v. Cont'l Cas. Co.*, No. EP-11-CV-56-KC, 2011 WL 13324040, at *2 (W.D. Tex. Nov. 21, 2011) ("In order to avoid the prejudice that might otherwise befall Defendant, the Court finds that dismissal with prejudice is warranted. Defendant has diligently defended itself in this case while Plaintiff has failed to diligently prosecute its own case."). Because dismissal without prejudice will result in cause plain legal prejudice, the Court should dismiss the action with prejudice.

### B. Plaintiff's Conduct Is Part of a Broader Pattern of Dilatory Behavior Across Multiple Lawsuits.

This case is not an isolated instance of Plaintiff failing to comply with its litigation obligations. Plaintiff's conduct is part of a broader pattern of dilatory behavior in two companion lawsuits involving the same insurance policies and same Defendants, filed during the same time period, owned and managed by the same LLC owners/members, and represented by the same counsel. *See S*unshine Eastgate Plaza, LLC v. Lexington Insurance Company, AXIS Surplus Insurance Company, and StarStone Specialty Insurance Company*, No. 3:25-cv-02986-O (N.D. Tex. filed Sept. 29, 2025); *Royal Metro, LLC v. Lexington Insurance Company, AXIS Surplus Insurance Company, and StarStone Specialty Insurance Company*, No. 4:25-cv-01297-Y (N.D. Tex. filed Oct. 16, 2025).

In each of these actions, Plaintiffs have repeatedly failed to comply with court scheduling orders and other litigation deadlines. Because of this, the Courts in the companion cases have already dismissed some of Plaintiff's claims with prejudice. (*See* Ex. B at App. 37) (dismissing Plaintiff's claims against AXIS and StarStone based on alleged violations of Chapter 541 and 542 of the Texas Insurance Code and dismissing Plaintiff's claim for attorneys' fees under

§ 542A.007(d)); Ex. C at App. 39) (dismissing Plaintiff's claims against AXIS and StarStone based on alleged violations of Chapter 541 and 542 of the Texas Insurance Code)). This was because, like here, Plaintiffs *failed to provide pre-suit notice, failed to respond to written discovery, did not produce any documents to support their claims, failed to timely designate experts, and failed to comply with discovery obligations.* Like here, Plaintiffs seek  voluntary dismissal only after those failures left them unable to prove their claims. Rather than complying with those obligations, Plaintiffs now seek to voluntarily dismiss all three lawsuits without prejudice so they can start over and avoid the consequences of their repeated failures.

Rule 41(a)(2) does not permit a plaintiff to disregard court scheduling orders, miss important deadlines, refuse to engage in discovery, and then get to dismiss all lawsuits without prejudice. Plaintiff should not receive a "do-over" after repeatedly failing to comply with its litigation obligations in this case and the related actions. The Court should dismiss Plaintiff's claims with prejudice.

## CONCLUSION

For these reasons, AXIS and StarStone respectfully request that the Court dismiss this lawsuit with prejudice, and further request all other relief to which they may be justly entitled.

Respectfully submitted,

SHACKELFORD, MCKINLEY & NORTON, LLP

By: */s/ Bruce R. Wilkin*
   **Bruce R. Wilkin**
   Texas Bar No. 24053549
   bwilkin@shackelford.law
   **Gisela A. Aguilar**
   Texas Bar No. 24132153
   gaguilar@shackelford.law
   717 Texas Avenue, 27th Floor
   Houston, Texas 77002
   Phone: (832) 415-1801

8

Fax: (832) 565-9030

**Timothy E. Drake**
State Bar No. 00789789
tdrake@shackelford.law
9201 N. Central Expressway, Fourth Floor
Dallas, Texas 75231
Phone: (214) 780-1383
Fax: (214) 780-1401

**ATTORNEYS FOR DEFENDANTS AXIS SURPLUS
INSURANCE COMPANY AND STARSTONE
SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system on July 30, 2026.


*/s/ Bruce R. Wilkin*
Bruce R. Wilkin

9