**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SUNSHINE EASTGATE PLAZA, LLC | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-cv-02990-O |
| | § | |
| | § | |
| LEXINGTON INSURANCE COMPANY, | § | |
| AXIS SURPLUS INSURANCE COMPANY, | § | |
| AND STARSTONE SPECIALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendants.* | § | |

**APPENDIX TO DEFENDANTS AXIS'S AND STARSTONE'S RESPONSE IN
OPPOSITION TO  PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE**

Defendants AXIS Surplus Insurance Company ("AXIS") and StarStone Specialty Insurance Company ("StarStone") file this Appendix to its Response in Opposition to Plaintiff Sunshine Eastgate Plaza, LLC's ("Plaintiff") Motion to Dismiss Without Prejudice and shows the Court as follows:

| Exhibit | Description | Appendix Pages |
|---|---|---|
| A | AXIS and StarStone's Requests for Production and Interrogatories to Plaintiff, served on April 28, 2026. | 1−28 |
| B | Memorandum Opinion and Order Dismissing Plaintiff's Extra-Contractual Claims and Precluding Award of Attorneys' Fees in Civil Action No. 3:25-cv-02986-O, entered on May 19, 2026. | 29−37 |
| C | Order Granting Motions to Dismiss Plaintiff's Extra-Contractual Claims Pursuant to Rule 12(b)(6) in Civil Action No. 4:25-cv-01297-Y, entered on December 23, 2025. | 38−39 |

Respectfully submitted,

SHACKELFORD, MCKINLEY & NORTON, LLP

By: */s/ Bruce R. Wilkin*

**Bruce R. Wilkin**
Texas Bar No. 24053549
bwilkin@shackelford.law
**Gisela A. Aguilar**
Texas Bar No. 24132153
gaguilar@shackelford.law
717 Texas Avenue, 27th Floor
Houston, Texas 77002
Phone: (832) 415-1801
Fax: (832) 565-9030

**Timothy E. Drake**
State Bar No. 00789789
tdrake@shackelford.law
9201 N. Central Expressway, Fourth Floor
Dallas, Texas 75231
Phone: (214) 780-1383
Fax: (214) 780-1401

ATTORNEYS FOR DEFENDANTS AXIS SURPLUS
INSURANCE COMPANY AND STARSTONE
SPECIALTY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system on July 30, 2026.

*/s/ Bruce R. Wilkin*
Bruce R. Wilkin

2

# EXHIBIT A

| | |
|---|---|
| **From:** | Kimberly Aaron |
| **To:** | "Anthony Pastor"; "Service Email"; "mike@themislegalgroup.com" |
| **Cc:** | Bruce Wilkin; Gisela Aguilar; Tim Drake |
| **Subject:** | 3:25-cv-02990-O; Sunshine Eastgate Plaza, LLC v. Lexington Insurance Company, AXIS Surplus Insurance Company, and Starstone Specialty Insurance Company |
| **Date:** | Tuesday, April 28, 2026 3:47:00 PM |
| **Attachments:** | 2026-04-28 - AXIS StarStone"s Initial Disclosures - 2990-O.pdf |
| | image001.png |
| | 2026-04-28 - AXIS"s and Starstone"s RFPs to Plaintiff - 02990-O.pdf |
| | 2026-04-28 - AXIS"s ROGs to Plaintiff - 02990-O.pdf |

Please see attached Defendants AXIS and Starstone's Initial Disclosures in the above-referenced matter.

Also attached are Defendants AXIS and Starstone's Requests for Production and Interrogatories to Plaintiff.

Thank you,

**Kimberly Aaron**
**Paralegal**
**Shackelford, McKinley & Norton, LLP**
717 Texas Ave. | 27th Floor | Houston, TX 77002
832-415-1621 *direct* | 832-565-9030 *fax*
kaaron@shackelford.law | www.shackelford.law



**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SUNSHINE EASTGATE PLAZA, LLC | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-cv-02990-O |
| | § | |
| LEXINGTON INSURANCE COMPANY, | § | |
| AXIS SURPLUS INSURANCE COMPANY, | § | |
| AND STARSTONE SPECIALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT AXIS SURPLUS INSURANCE COMPANY'S FIRST
<u>SET OF INTERROGATORIES TO PLAINTIFF</u>**

Pursuant to the Federal Rules of Civil Procedure, Defendant AXIS Surplus Insurance

Company ("AXIS") serves the following Interrogatories on Plaintiff Sunshine Eastgate Plaza, LLC

("Plaintiff") to be answered under oath, in writing, and separately. The answers must be signed by

the person making them and shall be returned to the offices of Shackelford, McKinley & Norton,

LLP, 717 Texas St., 27th Floor, Houston, Texas, 77002 within thirty (30) days of the service

hereof.  Plaintiff is under a duty to reasonably supplement these answers in accordance with the

Federal Rules of Civil Procedure.

1

Respectfully submitted,


SHACKELFORD, MCKINLEY & NORTON, LLP

By: */s/ Gisela A. Aguilar*
    **Bruce R. Wilkin**
    Texas Bar No. 24053549
    bwilkin@shackelford.law
    **Gisela A. Aguilar**
    Texas Bar No. 24132153
    gaguilar@shackelford.law
    717 Texas Avenue, 27th Floor
    Houston, Texas 77002
    Phone: (832) 415-1801
    Fax: (832) 565-9030

    **Timothy E. Drake**
    State Bar No. 00789789
    tdrake@shackelford.law
    9201 N. Central Expressway, Fourth Floor
    Dallas, Texas 75231
    Phone: (214) 780-1383
    Fax: (214) 780-1401

    ATTORNEYS FOR DEFENDANTS AXIS SURPLUS
    INSURANCE COMPANY AND STARSTONE
    SPECIALTY INSURANCE COMPANY

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that in compliance with the Federal Rules of Civil Procedure, a copy of the foregoing instrument was served on the following counsel on April 28, 2026:

Antony Pastor
National Insurance Advocates, LLP
6619 S. Dixie Hwy #363
Miami, FL 331413
Telephone: (833) 701-4110
anthony@nia.law
service@nia.law

K. Michael Sturgill
THEMIS LEGAL GROUP, PLLC
556 Silicon Dr, Suite 101,
Southlake, TX 76092
Telephone: (214) 494-8044
mike@themislegalgroup.com

　　　　　　　　　　　　　　 */s/ Gisela A. Aguilar*
　　　　　　　　　　　　　　Gisela A. Aguilar

App. 000005

## I.    DEFINITIONS

For purposes of this discovery, the terms used shall have the following meanings, unless the context clearly indicates otherwise:

"**All**" shall mean "**any**" and vice versa.

"**And**" and "**or**" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The use of the word "including" shall be construed to include "without limitation."

"**AXIS**" shall mean and refers to AXIS Surplus Insurance Company, its past, present, and future officers, directors, members, agents, insurers, servants, representatives, employees, independent contractors, claim adjusters, field adjusters, third-party administrators, parents, subsidiaries, affiliated companies, partners, predecessors, attorneys, successors-in-interest, and any other person or entity acting, or purporting to act, on its behalf or under its control.

"**Claim**" shall mean and refer to that insurance claim made by Plaintiff for damage or loss at the Subject Property (date of loss on or about September 24, 2024) under Lexington Insurance Policy No. 062502712, AXIS Surplus Insurance Company Policy No. EAF657478-23, and StarStone Specialty Insurance Company Policy No. U87778230CSP, to which AXIS assigned claim number ATL 213714 and StarStone assigned claim number 4245921.

"**Communication**" includes but is not limited to any telephone conversation, meeting, discussion, letter, facsimile, email, text message, or other writing or means in which information was received or transmitted to you.

"**Defendants**" shall mean Defendants AXIS Surplus Insurance Company, StarStone Specialty Insurance Company, and Lexington Insurance Company.

"**Document**" and "**Documents**" shall mean all written, reported, recorded, printed or typed or graphic matter, however produced or reproduced, now or at any time in Plaintiff's possession, custody or control. The terms shall include, but not be limited to, all letters, correspondence, telegrams, telexes, cables, telephone records, logs and notations, intra and interoffice communications, microfilm, diaries, calendar entries, summaries, messages, audio tapes, videotapes, digital recordings, computer discs or tapes, computer programs and software, photographs, film, invoices, files, ledgers, journals and other formal and informal books of record and account, minutes, bulletins, instructions, work assignments, reports, memoranda, notes, notebooks, speeches, drafts, data sheets, data compilations, press releases, public statements and/or announcements, public and governmental filings, opinions, worksheets, statistics, contracts, agreements, intra-corporate drafts of the foregoing items and copies or reproductions of the foregoing upon which notations in writing have been made which do not appear on the original.

"**Identify**," "**Identifies**" and "**Identification**" means:

    a.   natural person, means to state his or her full name if known, his or her present or last known address and telephone numbers, and if known, his or her present or last known business address, position and business affiliation.

4

b. corporation or business entity, means to state the name of such business, the address of its principal place of business and its telephone number.

c. Document as defined above, means to state the identifying nomenclature and the type of document or documents, including, without limitation, its date, if any; the person or office who sent it; the persons or office to whom it was sent; its present location or custodian; the form of the document; and a description of its contents. If any such document was, but no longer is, in your possession, please state what disposition was made of it. In lieu of identifying a document responsive to a interrogatory, you may attach a legible copy of the document to the answer, and to make reference to the specific document so attached in the appropriate answer.

d. contract right or obligation mean to quote the applicable contract language, state the source of the language, whether from the contract or other agreement, and the provision number in the contract.

**"Knowledge"** includes both firsthand and secondary knowledge.

**"Lawsuit"** shall mean and refers to the action styled *Sunshine Eastgate Plaza, LLC v. Lexington Insurance Company, AXIS Surplus Insurance Company, and Starstone Specialty Insurance Company*, Civil Action No. 3:25-cv-02990-O in the United States District Court for the Northern District of Texas, Dallas Division.

**"Lexington"** shall mean and refers to Lexington Insurance Company, its past, present, and future officers, directors, members, agents, insurers, servants, representatives, employees, independent contractors, claim adjusters, field adjusters, third-party administrators, parents, subsidiaries, affiliated companies, partners, predecessors, attorneys, successors-in-interest, and any other person or entity acting, or purporting to act, on its behalf or under its control.

**"Person"** shall mean the plural as well as the singular and includes any natural person, firm, corporation, association, partnership, trust, joint venture, or other legal entity, whether public or private.

**"Plaintiff," "You,"** or **"Yours"** shall mean and refers to Plaintiff Sunshine Eastgate Plaza, LLC and its agents, owners, shareholders, members, employees, subordinates, representatives, consultants, public adjusters, contractors, officers, directors, partners, attorneys, predecessors, successors, affiliates, assigns, and all other natural persons or businesses or legal entities acting or purporting to act on behalf of or under the direction or control of them, unless otherwise indicated.

**"Policy"** shall mean and refers to the insurance policy bearing Policy No. 062502712 issued by Lexington Insurance Company Policy, insurance policy bearing Policy No. EAF657478-23 issued by AXIS Surplus Insurance Company, and the insurance policy bearing Policy No. U87778230CSP issued by StarStone Specialty Insurance Company, all with effective dates of November 1, 2023 through November 1, 2024.

**"Property Management Company"** means any individual, or entity, retained by Plaintiff to act as property manager of the Subject Properties and/or maintain, manage, inspect or supervise the Subject Properties and any such individual and/or entity's past, present, and future agents, owners, principals, shareholders, members, employees, subordinates, representatives, consultants, contractors, officers, directors, partners, attorneys, predecessors, successors, affiliates, assigns, and all other natural persons or businesses or legal entities acting or purporting to act on behalf of or under the direction or control of them, unless otherwise indicated.

**"Relating to," "referring to," "reflecting," "regarding"** or **"evidencing"** shall mean and shall include stating, describing, recording, noting, mentioning, concerning, reflecting, referring to, relating to, relevant to, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, showing, tending to show, discussing, evaluating, studying, analyzing, constituting, comprising, embodying, containing, evidencing, pertaining to, respecting, supporting, tending to support, under-cutting, tending to undercut, contradicting, or tending to contradict.

"**StarStone**" shall mean and refers to StarStone Specialty Insurance Company, its past, present, and future officers, directors, members, agents, insurers, servants, representatives, employees, independent contractors, claim adjusters, field adjusters, third-party administrators, parents, subsidiaries, affiliated companies, partners, predecessors, attorneys, successors-in-interest, and any other person or entity acting, or purporting to act, on its behalf or under its control.

**"Statement"** means (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) a stenographic, mechanical, electrical or other type of recording, or any transcription thereof which is a substantially verbatim recital of a statement made by the person and contemporaneously recorded.

**"Subject Property"** shall mean and refers to the property owned by Plaintiff and generally located at 4445 Saturn Road, Garland, Texas 75041.

**"Supplied"** includes sold by, purchased from, or otherwise furnished by the party to which the interrogatory refers.

**"Things"** shall mean and refer to any tangible items not otherwise included in the definition of document above.

6

## II.    INSTRUCTIONS

All responsive information and documents are to be divulged which are not privileged and are in the possession, custody or control of Plaintiff, its attorneys, investigators, agents, employees, officers, directors, representatives, or anyone acting on Plaintiff's behalf.

Where an individual interrogatory calls for an answer which involves more than one part, each part of the answer shall be clearly set out so that it is understandable.

These interrogatories are continuing in nature and require supplemental answers in the event you or your attorney(s) discover additional responsive information.

Where knowledge or information in your possession, custody or control is requested, such request includes knowledge or information possessed by your present or former (at the time they were acting on your behalf) attorneys, agents, subordinates, employees, directors, officers, representatives and consultants, and anyone else from whom Plaintiff have a superior right to compel the information.

The singular form of a word shall be interpreted as a plural and the plural form of a word shall be interpreted as a singular whenever appropriate in order to bring within the scope of these interrogatories any information that might otherwise be considered beyond their scope.

In the event that any document requested has been lost or destroyed, please identify that document by author(s), addressee(s), date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, all persons who had custody of each document, date of loss or destruction, and the name and title of the person responsible for the loss or destruction.

If you object or refuse to answer in whole or in part any interrogatory propounded below, or if you object or refuse to identify or provide any document requested below on the grounds that it requests information that falls within the scope of any discovery privilege or exemption, please provide the following information as to each such objection:

> i. The place, date (or approximate date), and manner of recording or otherwise preparing the document or thing;
>
> ii. The name and title of sender, and the name and title of each recipient of the document or thing;
>
> iii. The summary of the contents of the document or thing;
>
> iv. The identity of each person or persons (other than those providing stenographic or clerical assistance) participating in the preparation of the document or thing;
>
> v. The identity of each person to whom the contents of the document or thing have been communicated by copy, exhibition, reading, or substantial summarization, the

7

date(s) of said communication, and the employer and title of each person identified at the time of said communication; and

vi. A statement of the basis on which a privilege or exemption is claimed.

If you believe an interrogatory may request production of some information which is protected by applicable privilege or exemption, you are requested to answer with any responsive information that is not subject to a claim of privilege or other reason for non-production.

When asked "what facts support your contention" or to describe the "factual basis" or "factual detail" in an interrogatory, the request seeks evidentiary facts and not ultimate facts.

App. 000010

III.    INTERROGATORIES TO PLAINTIFF

**INTERROGATORY NO. 1:**

Identify all persons, excluding your counsel, who provided substantive information in response to these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:**

Identify the dollar amount of Your claim for damages, including the amount for each of the following, where applicable: any compensatory damages, consequential damages, statutory damages, penalties, interest, attorney's fees, or costs, the basis for said damages, and the differentiation between damage to the buildings/structures and each suite number or address, and any other alleged damages or losses claimed.

**ANSWER:**

**INTERROGATORY NO. 3:**

Identify all Property Management Companies who were retained by You to act as property manager of the Subject Property and/or maintain, manage, inspect, supervise, or maintenance of, the Subject Property from January 1, 2019 to present, including but not limited to, when the property management company was hired, where its principal place of business is located, and who at the property management company would have the most information about the condition of the Subject Property. Please include in your response the person's name, current address, phone number and years serving as part of the property management team.

**ANSWER:**

**INTERROGATORY NO. 4:**

Have You made any repairs for damage that You claim was caused by the alleged September 24, 2024 weather event?

**ANSWER:**

**INTERROGATORY NO. 5:**

Identify all repairs completed for the damage You claim was caused by the alleged September 24, 2024 weather event, including identifying the specific repairs and all invoices and proof of

9

payment reflecting amounts paid for any completed repairs. "Completed repairs" refers to repairs You contend were required or needed to remedy damage to the Subject Property occurring on or about September 24, 2024 and have been completed. Please include in your response the month, day, and year any repairs began and were completed, the amount paid for the repairs and a description of any completed repairs.

**ANSWER:**

**INTERROGATORY NO. 6:**

Identify all outstanding repairs for the damage You claim was caused by the alleged September 24, 2024 weather event, and any contracts, proposals, bids, quotes, or estimates reflecting amounts for the outstanding repairs. "Outstanding repairs" refers to repairs You contend are required or needed to remedy damage to the Subject Property You contend occurred on or about September 24, 2024 but have yet to be performed. Please include in your response a description of the outstanding repairs.

**ANSWER:**

**INTERROGATORY NO. 7:**

Identify all persons who inspected or evaluated the roofs, exterior and/or interior of the Subject Property in connection with the Claim, including, but not limited to when the inspection occurred, who conducted the inspection, what was the scope of the inspection (i.e., photography, videos, testing, sampling etc.), and each device that was used to inspect and evaluate.

**ANSWER:**

**INTERROGATORY NO. 8:**

Describe all efforts made to mitigate the loss or damage at the Subject Property related to the Claim and identify the date(s) on which such efforts were made, who performed the work and the amount Plaintiff paid for such work.

**ANSWER:**

**INTERROGATORY NO. 9:**

Identify all Person(s) hired or retained by or on behalf of Plaintiff and/or any Property Management Company to repair, rebuild, replace, maintain, evaluate, or inspect the condition of the Subject Property's roofing system, exterior, and interiors, in any capacity from January 1, 2019 to the present.

App. 000012

**ANSWER:**

**INTERROGATORY NO. 10:**

Identify the Person(s) with the most knowledge about the condition, maintenance, and repairs of the Subject Property from January 1, 2019 to the present.

**ANSWER:**

**INTERROGATORY NO. 11:**

Please explain the installation, maintenance, and repair history of the Subject Property's roofing system, including, but not limited to, when the roofing components were installed, when any repair work was done, what contractor(s) performed the work, and the amount paid to each contractor for such work.

**ANSWER:**

**INTERROGATORY NO. 12:**

Identify all other claims made by Plaintiff to any property insurer for property damage, including, but not limited to, damage to the roof, exterior, and interiors, at the Subject Property, from January 1, 2019 to the present.

Please include in your response the claim number, insurer, policy number, policy period, date of loss, amount you claimed, amount paid to you, and contact information for any insurance company, adjuster, or public adjuster who handled such claim.

**ANSWER:**

**INTERROGATORY NO. 13:**

Identify each and every tenant or occupant who has submitted a complaint regarding the condition of the Subject Property since or following the alleged September 24, 2024 weather event. Please include in your response the individual's name, address, suite number, and phone number.

**ANSWER:**

**INTERROGATORY NO. 14:**

Identify all members of Sunshine Eastgate Plaza, LLC. For any member that is a natural person, identify his/her name, address, citizenship, and state in which he/she is domiciled.  For any member

11

that is a partnership or limited liability company, identify each partner's or member's name, address, and citizenship. For any corporate member, identify the corporation's name, principal place of business, and state of incorporation.

**ANSWER:**

**App. 000014**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHEN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SUNSHINE EASTGATE PLAZA, LLC | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-cv-02990-O |
| | § | |
| LEXINGTON INSURANCE COMPANY, | § | |
| AXIS SURPLUS INSURANCE COMPANY, | § | |
| AND STARSTONE SPECIALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS AXIS AND STARSTONE'S FIRST**
**REQUEST FOR PRODUCTION TO PLAINTIFF**

Pursuant to the Federal Rules of Civil Procedure, Defendants AXIS Surplus Insurance Company ("AXIS") and StarStone Specialty Insurance Company ("StarStone") serve the following Requests for Production on Plaintiff Sunshine Eastgate Plaza, LLC ("Plaintiff"). AXIS and StarStone further request that Plaintiff produce the documents, electronically stored information, and other tangible things requested herein at the offices of Shackelford, McKinley & Norton, LLP, 717 Texas Ave., 27th Floor, Houston, Texas, 77002, either electronically or in the manner in which they are kept in the usual course of business, and to serve written answers and responses to these requests within thirty (30) days of the service hereof. Plaintiff is under a duty to reasonably supplement these answers in accordance with the Federal Rules of Civil Procedure.

1

Respectfully submitted,


SHACKELFORD, MCKINLEY & NORTON, LLP

By: */s/ Gisela A. Aguilar*

    **Bruce R. Wilkin**
    Texas Bar No. 24053549
    bwilkin@shackelford.law
    **Gisela A. Aguilar**
    Texas Bar No. 24132153
    gaguilar@shackelford.law
    717 Texas Avenue, 27th Floor
    Houston, Texas 77002
    Phone: (832) 415-1801
    Fax: (832) 565-9030

    **Timothy E. Drake**
    State Bar No. 00789789
    tdrake@shackelford.law
    9201 N. Central Expressway, Fourth Floor
    Dallas, Texas 75231
    Phone: (214) 780-1383
    Fax: (214) 780-1401

    ATTORNEYS FOR DEFENDANTS AXIS SURPLUS
    INSURANCE COMPANY AND STARSTONE
    SPECIALTY INSURANCE COMPANY

2

## CERTIFICATE OF SERVICE

I hereby certify that in compliance with the Federal Rules of Civil Procedure, a copy of the foregoing instrument was served on the following counsel on April 28, 2026:

Antony Pastor
National Insurance Advocates, LLP
6619 S. Dixie Hwy #363
Miami, FL 331413
Telephone: (833) 701-4110
anthony@nia.law
service@nia.law

K. Michael Sturgill
THEMIS LEGAL GROUP, PLLC
556 Silicon Dr, Suite 101,
Southlake, TX 76092
Telephone: (214) 494-8044
mike@themislegalgroup.com

   _/s/ Gisela A. Aguilar_
   Gisela A. Aguilar

## I. DEFINITIONS

For purposes of this discovery, the terms used shall have the following meanings, unless the context clearly indicates otherwise:

"**All**" shall mean "**any**" and vice versa.

"**And**" and "**or**" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The use of the word "including" shall be construed to include "without limitation."

"**AXIS**" shall mean and refers to AXIS Surplus Insurance Company, its past, present, and future officers, directors, members, agents, insurers, servants, representatives, employees, independent contractors, claim adjusters, field adjusters, third-party administrators, parents, subsidiaries, affiliated companies, partners, predecessors, attorneys, successors-in-interest, and any other person or entity acting, or purporting to act, on its behalf or under its control.

"**Claim**" shall mean and refer to that insurance claim made by Plaintiff for damage or loss at the Subject Property (date of loss on or about September 24, 2024) under Lexington Insurance Policy No. 062502712, AXIS Surplus Insurance Company Policy No. EAF657478-23, and StarStone Specialty Insurance Company Policy No. U87778230CSP, to which AXIS assigned claim number ATL 213714 and StarStone assigned claim number 4245921.

"**Communication**" includes but is not limited to any telephone conversation, meeting, discussion, letter, facsimile, email, text message, or other writing or means in which information was received or transmitted to you.

"**Defendants**" shall mean Defendants AXIS Surplus Insurance Company, StarStone Specialty Insurance Company, and Lexington Insurance Company.

"**Document**" and "**Documents**" shall mean all written, reported, recorded, printed or typed or graphic matter, however produced or reproduced, now or at any time in Plaintiff's possession, custody or control. The terms shall include, but not be limited to, all letters, correspondence, telegrams, telexes, cables, telephone records, logs and notations, intra and interoffice communications, microfilm, diaries, calendar entries, summaries, messages, audio tapes, videotapes, digital recordings, computer discs or tapes, computer programs and software, photographs, film, invoices, files, ledgers, journals and other formal and informal books of record and account, minutes, bulletins, instructions, work assignments, reports, memoranda, notes, notebooks, speeches, drafts, data sheets, data compilations, press releases, public statements and/or announcements, public and governmental filings, opinions, worksheets, statistics, contracts, agreements, intra-corporate drafts of the foregoing items and copies or reproductions of the foregoing upon which notations in writing have been made which do not appear on the original.

"**Identify**," "**Identifies**" and "**Identification**" means:

    a. natural person, means to state his or her full name if known, his or her present or last known address and telephone numbers, and if known, his or her present or last known business address, position and business affiliation.

4

App. 000018

    b.   corporation or business entity, means to state the name of such business, the address of its principal place of business and its telephone number.

    c.   Document as defined above, means to state the identifying nomenclature and the type of document or documents, including, without limitation, its date, if any; the person or office who sent it; the persons or office to whom it was sent; its present location or custodian; the form of the document; and a description of its contents. If any such document was, but no longer is, in your possession, please state what disposition was made of it. In lieu of identifying a document responsive to a interrogatory, you may attach a legible copy of the document to the answer, and to make reference to the specific document so attached in the appropriate answer.

    d.   contract right or obligation mean to quote the applicable contract language, state the source of the language, whether from the contract or other agreement, and the provision number in the contract.

**"Knowledge"** includes both firsthand and secondary knowledge.

**"Lawsuit"** shall mean and refers to the action styled *Sunshine Eastgate Plaza, LLC v. Lexington Insurance Company, AXIS Surplus Insurance Company, and Starstone Specialty Insurance Company*, Civil Action No. 3:25-cv-02990-O in the United States District Court for the Northern District of Texas, Dallas Division.

**"Lexington"** shall mean and refers to Lexington Insurance Company, its past, present, and future officers, directors, members, agents, insurers, servants, representatives, employees, independent contractors, claim adjusters, field adjusters, third-party administrators, parents, subsidiaries, affiliated companies, partners, predecessors, attorneys, successors-in-interest, and any other person or entity acting, or purporting to act, on its behalf or under its control.

**"Person"** shall mean the plural as well as the singular and includes any natural person, firm, corporation, association, partnership, trust, joint venture, or other legal entity, whether public or private.

**"Plaintiff," "You,"** or **"Yours"** shall mean and refers to Plaintiff Sunshine Eastgate Plaza, LLC and its agents, owners, shareholders, members, employees, subordinates, representatives, consultants, public adjusters, contractors, officers, directors, partners, attorneys, predecessors, successors, affiliates, assigns, and all other natural persons or businesses or legal entities acting or purporting to act on behalf of or under the direction or control of them, unless otherwise indicated.

**"Policy"** shall mean and refers to the insurance policy bearing Policy No. 062502712 issued by Lexington Insurance Company Policy, insurance policy bearing Policy No. EAF657478-23 issued by AXIS Surplus Insurance Company, and the insurance policy bearing Policy No. U87778230CSP issued by StarStone Specialty Insurance Company, all with effective dates of November 1, 2023 through November 1, 2024.

5

**"Property Management Company"** means any individual, or entity, retained by Plaintiff to act as property manager of the Subject Properties and/or maintain, manage, inspect or supervise the Subject Properties and any such individual and/or entity's past, present, and future agents, owners, principals, shareholders, members, employees, subordinates, representatives, consultants, contractors, officers, directors, partners, attorneys, predecessors, successors, affiliates, assigns, and all other natural persons or businesses or legal entities acting or purporting to act on behalf of or under the direction or control of them, unless otherwise indicated.

**"Relating to," "referring to," "reflecting," "regarding"** or **"evidencing"** shall mean and shall include stating, describing, recording, noting, mentioning, concerning, reflecting, referring to, relating to, relevant to, alluding to, responding to, connected with, commenting on, in respect of, about, regarding, showing, tending to show, discussing, evaluating, studying, analyzing, constituting, comprising, embodying, containing, evidencing, pertaining to, respecting, supporting, tending to support, under-cutting, tending to undercut, contradicting, or tending to contradict.

"**StarStone**" shall mean and refers to StarStone Specialty Insurance Company, its past, present, and future officers, directors, members, agents, insurers, servants, representatives, employees, independent contractors, claim adjusters, field adjusters, third-party administrators, parents, subsidiaries, affiliated companies, partners, predecessors, attorneys, successors-in-interest, and any other person or entity acting, or purporting to act, on its behalf or under its control.

**"Statement"** means (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) a stenographic, mechanical, electrical or other type of recording, or any transcription thereof which is a substantially verbatim recital of a statement made by the person and contemporaneously recorded.

**"Subject Property"** shall mean and refers to the property owned by Plaintiff and generally located at 4445 Saturn Road, Garland, Texas 75041.

**"Supplied"** includes sold by, purchased from, or otherwise furnished by the party to which the interrogatory refers.

**"Things"** shall mean and refer to any tangible items not otherwise included in the definition of document above.

6

## II.    INSTRUCTIONS

All responsive information and documents are to be divulged which are not privileged and are in the possession, custody or control of Plaintiff, its attorneys, investigators, agents, employees, officers, directors, representatives, or anyone acting on Plaintiff's behalf.

Where an individual production request calls for an answer which involves more than one part, each part of the answer shall be clearly set out so that it is understandable.

These production requests are continuing in nature and require supplemental answers in the event you or your attorney(s) discover additional responsive information.

Where knowledge or information in your possession, custody or control is requested, such request includes knowledge or information possessed by your present or former (at the time they were acting on your behalf) attorneys, agents, subordinates, employees, directors, officers, representatives and consultants, and anyone else from whom Plaintiff have a superior right to compel the information.

The singular form of a word shall be interpreted as a plural and the plural form of a word shall be interpreted as a singular whenever appropriate in order to bring within the scope of these interrogatories any information that might otherwise be considered beyond their scope.

In the event that any document requested has been lost or destroyed, please identify that document by author(s), addressee(s), date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, all persons who had custody of each document, date of loss or destruction, and the name and title of the person responsible for the loss or destruction.

If you object or refuse to answer in whole or in part any production request propounded below, or if you object or refuse to identify or provide any document requested below on the grounds that it requests information that falls within the scope of any discovery privilege or exemption, please provide the following information as to each such objection:

   a. Information or materials to the request has been withheld,
   b. The request to which the information or materials relates, and
   c. The privilege or privileges asserted.

If you believe the production request may request production of some information which is protected by applicable privilege or exemption, you are requested to answer with any responsive information that is not subject to a claim of privilege.

7

**App. 000021**

### III.    REQUESTS FOR PRODUCTION TO PLAINTIFF

**REQUEST FOR PRODUCTION NO. 1:**

Produce all Documents, Statements, and Communications related to the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

Produce all Documents relating to written communications Plaintiff, or anyone acting on Plaintiff's behalf, had with Defendants, or anyone acting on Defendants' behalf (including, but not limited to, Ryan Vesta of Crawford Global Technical Services and David Jimenez, P.E. of J.S. Held, LLC).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

Produce all Documents, including engineering reports, estimates, photos, and invoices, which support the damages or losses sought in this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

Produce all Documents related to the condition, maintenance, repairs and/or replacements of the Subject Property's roofing system, exterior, and/or interiors from January 1, 2019 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**

Produce all Documents and Communications You rely on to calculate the scope and costs of repairs sought in Your live pleading.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**

Produce all inspection reports, surveys, property condition documents, repair recommendations, or appraisal reports for the Subject Property, with all attachments, which have been prepared for or provided to Plaintiff or anyone acting on Plaintiff's behalf since January 1, 2019.

**RESPONSE:**

8

**REQUEST FOR PRODUCTION NO. 7:**

Produce all photographs or videos of the Subject Property's roofing system, exteriors, and/or interiors taken by anyone, from January 1, 2019 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

Produce all Communications, including all attachments thereto, between Plaintiff and any Property Management Company, public adjuster, engineer, or contractor that relate to the Subject Property's roofing system, exteriors, and/or interiors relating to the alleged September 24, 2024 weather event.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

Produce all Communications, including all attachments thereto, between Plaintiff or anyone acting on Plaintiff's behalf and any tenants of the Subject Property, relating to the Claim, the Policy and/or the condition of the Subject Property between January 1, 2019 and the present.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 10:**

Produce all Communications, including all attachments thereto, between Plaintiff and

- RSG Specialty, LLC f/k/a RT Specialty, LLC,
- Restore Masters (including, but not limited, to Raleigh Wren),
- Jay Hathcox,
- City of Garland building officials, and/or
- Dallas County building officials

relating to the Claim, the Policy and/or the Subject Property between January 1, 2019 and the present.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 11:**

Produce all contracts, agreements, estimates, bids, proposals, quotes, invoices, payments, schedules or damage descriptions from January 1, 2019 to the present between Plaintiff or anyone acting on Plaintiff's behalf and any roofers, engineers, consultants, appraisers, and contractors (including, but not limited, to Restore Masters), relating the Subject Property, the Claim, and/or the Lawsuit.

9

App. 000023

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

Produce all Documents and Communications, including all attachments thereto, relating to Plaintiff's efforts to repair or mitigate damages or losses You claim were caused by the alleged September 24, 2024 weather event.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**

Produce all written agreements and contracts with any Property Management Company, public adjuster, engineer, insurance agent, insurance broker, and/or contractor relating to the Subject Property from January 1, 2019 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**

Produce all budgets, ledger sheets, accounting records and/or financial statements from January 1, 2019 to the present that record or relate to the amount of money Plaintiff spent and/or expects to spend to maintain, repair, or improve the Subject Property's roofing system, exterior, gutters, and/or interiors.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**

Produce all Notices of Loss/Notices of Claim relating to any other claim for damage or loss to the Subject Property or similar documents submitted to any insurer for the Subject Property, from January 1, 2019 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**

Produce all Documents reviewed by or provided to any consulting experts which were reviewed by any testifying expert witness or fact witness regarding the Policy, the Subject Property, or the Claim.

**RESPONSE:**

10

App. 000024

**REQUEST FOR PRODUCTION NO. 17:**

Produce all Documents submitted by Plaintiff, or anyone acting on Plaintiff's behalf to any insurer for any loss arising at the Subject Property from January 1, 2019 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**

Produce all Documents regarding the need to inspect, repair or replace any or all of the Subject Property's roofing system, exteriors, and interiors at the Subject Property, whether actually done or not, from January 1, 2019 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**

Produce all tenant complaints, complaint or maintenance logs, notices, maintenance or repair requests, leak logs, work orders, repair requests, and any similar documents or Communications that relate to the Subject Property's roofing system, exterior, and/or interiors, from January 1, 2019 to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

Produce all Documents relating to any prior insurance claim(s) made for the Subject Property between January 1, 2019 and the present, including but not limited to claims for storm-related damages.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 21:**

Produce all Documents that reflect the condition, testing, inspection, or repairs of any claimed damage at the Subject Property, including any protocols, test criteria, inspection reports, core samples, test results, photographs, Communications, estimates, invoices, reports, evaluations, payments, permits, logs, between January 1, 2019 and the present.

**RESPONSE**:

**App. 000025**

**REQUEST FOR PRODUCTION NO. 22:**

Produce all Documents, including ledgers and proof of payment, that reference and/or demonstrate the amount of money You spent to repair any portion of the Subject Property You claim was damaged by the alleged September 24, 2024 weather event and/or to mitigate any loss or damage that forms the basis for the Claim.

        **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 23:**

Produce all Documents used to answer any of AXIS's Interrogatories to Plaintiff or referenced in any of Your responses to AXIS's Interrogatories.

        **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 24:**

Produce all Communications, including all attachments thereto, between Plaintiff and tenants of the Subject Property, relating to the Claim, the Policy and/or the condition of the Subject Property between January 1, 2019 and the present.

        **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 25:**

Produce all Documents relating to the valuations performed in connection with loans, financing, loan applications, purchase, acquisitions, purchase due diligence, and/or potential sale or leasing of the Subject Property by Plaintiff.

        **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 26:**

Produce all Communications, including all attachments thereto, between Plaintiff and their insurance agent(s) relating to the procurement of the Policy, prior commercial property policies insuring the Subject Property, the Subject Property, and/or the Claim and prior claims, from January 1, 2020 to the present.

        **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 27:**

Produce Your accounting records for the four (4) years before the alleged September 24, 2024 storm loss event through the present, including, but not limited to:

12

a) all general ledgers;
b) monthly profit and loss statements;
c) balance sheets;
d) income statements;
e) rent rolls;
f) financial statements; and
g) records related to future capital maintenance and future capital improvements.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 28:**

Produce copies of the relevant portions of all tax returns and accounting reports that refer to, mention, or discuss the monies paid to repair, rebuild, replace, and/or maintain the Subject Property from January 1, 2020 to the present.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 29:**

Produce executed copies of all lease agreements that were in force at the time of the alleged September 24, 2024 weather event.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 30:**

Produce all Documents related to any emergency or temporary repairs performed, including payments for such repairs, as a result of the alleged September 24, 2024 weather event.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 31:**

Produce all Documents reflecting when the Subject Property's roofing system was installed, inspected, updated, repaired or replaced, the contractor, roofer, or other Person (or entity) who performed such work, and the amount paid for the work.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 32:**

Produce all Documents You claim support Your allegation that Defendant delayed or somehow mishandled the adjustment of the Claim.

**RESPONSE**:

13

**REQUEST FOR PRODUCTION NO. 33:**

Produce copies of all Documents, Communications, and Statements obtained by Plaintiff pursuant to any discovery request, Open Records Request, Subpoena Duces Tecum, or any other request for information or documentation relating to the Claim and/or this Lawsuit.

      **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 34:**

Produce a privilege log identifying each document that You withheld from production under any claim of privilege or other immunity, and which states the nature of the privilege or immunity being asserted.

      **RESPONSE**:

App. 000028

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SUNSHINE EASTGATE PLAZA LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  3:25-CV-02986-O |
| | § | |
| LEXINGTON INSURANCE | § | |
| COMPANY, ET AL., | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION & ORDER

Before the Court are Defendant Axis Surplus Insurance Company's ("Axis") Motion to Dismiss Plaintiff's Extracontractual Claims and Brief in Support (ECF Nos. 6, 7); Defendant StarStone Specialty Insurance Company's ("StarStone") Motion to Dismiss Plaintiff's Extracontractual Claims and Brief in Support (ECF Nos. 8, 9); StarStone and Axis's Motion to Strike Plaintiff's Claim for Attorney's Fees, and Brief and Appendix in Support (ECF Nos. 13, 14, 15); Plaintiff's Response to the Motion to Strike (ECF No. 18); and Defendants Axis's and StarStone's Replies (ECF Nos. 19, 20). Plaintiff filed no response to the Motion to Dismiss. Having considered the Motions, briefing, and applicable law the Court finds that the Motions should be, and hereby are, **GRANTED**.

### I.    BACKGROUND[1]

This case is about an insurance coverage dispute arising out of alleged storm damage to a commercial building (the "Property"). The Property was insured under three separate commercial property policies issued by Defendants with effective dates of 11/1/2023 to 11/1/2024 (the

---

[1] Unless otherwise noted, the Court's recitation of the facts is taken from Plaintiff's Complaint.

App. 000030

"Policies"). Plaintiff alleges that on September 24, 2024, the Property sustained wind and hail damage. According to Plaintiff's complaint, upon discovery of the damage, Plaintiff filed a claim. Defendants sent a field inspector to the Property. After the inspection, Plaintiff alleges that it followed up with an unspecified defendant for updates on its claim. Plaintiff alleges that the full benefits due under the policy were not paid out.

On May 7, 2025, pursuant to Texas Insurance Code Chapter 541 and Chapter 542, Plaintiff sent a Notice of Intent ("NOI") letter addressed to Ryan Vesta and Lexington Insurance Company.[2] On September 26, 2025, Plaintiff filed this lawsuit bringing claims for breach of contract, violations of chapters 541 and 542 of the Texas Insurance Code, and declaratory judgment. The case was subsequently removed to this Court.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

---

[2] Pl.'s Resp. Defs.' Mot. Strike Ex. A (Plaintiff's NOI Letter), ECF No. 18.

App. 000031

*Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* at 679.

In cases involving misrepresentation or fraud under the Texas Insurance Code, plaintiffs "must meet the 'who, what, when, where, and how' requirements of Federal Rule of Civil Procedure 9(b)." *Martin Res. Mgmt. Corp. v. Fed. Ins. Co.*, No. 20-40571, 2021 WL 4269565, at *5 (5th Cir. Sept. 20, 2021) (per curiam). When a plaintiff's claims are intertwined with its claims based on misrepresentation, Rule 9(b) applies. *See Carroll v. State Farm Mut. Auto. Ins. Co.*, No. 4:18-CV-458-A, 2018 WL 4100939, at *2 (N.D. Tex. Aug. 28, 2018).

## III. ANALYSIS

### A. Defendants' Motions to Dismiss

Because Axis's and StarStone's ("Defendants") motions make substantially the same arguments, the Court addresses them together. Defendants challenge Plaintiff's claims brought under Sections 541 and 542 of the Texas Insurance Code (the "Code").

App. 000032

To support its various claims under Sections 541.060 and 541.061 of the Code, Plaintiff's complaint offers the Court only threadbare, conclusory allegations without any meaningful factual support. For example, in the section of the complaint titled "Factual Background" Plaintiff alleges that:

> Defendants . . . have failed to properly investigate, evaluate, and adjust Plaintiff's claim for benefits in good faith and have further failed to deal fairly with Plaintiff. . . Defendants have misrepresented to Plaintiff that the damage to the Properties was not due to the covered peril from the storms of 09-24-2024, even though the damages were caused by the covered peril . . . Defendants refused and/or failed to properly evaluate the covered damage to Plaintiff's Properties, forcing Plaintiff to hire their own experts and incur additional expenses . . . Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in biased, unfair, and inequitable evaluation of Plaintiff's losses on the Properties.[3]

Plaintiff offers no explanation in the complaint as to how Defendants' investigation was not proper or in good faith, how Defendants misrepresented that the damage was not due to the storm or otherwise not covered, or how Defendants performed an outcome-oriented investigation.

Moreover, Plaintiff's bare assertions regarding its misrepresentation claims fail to identify any specific representation made by either Axis or StarStone. Plaintiff not only fails to provide the Court with a reasonable basis to infer that any representation was misleading, but it also fails to identify conduct directly attributable to a particular defendant. *See DeCluette v. State Farm Lloyds*, 2013 WL 607320, at *3 (N.D. Tex. Feb. 19, 2013) (holding that plaintiff did not show reasonable basis to predict recovery against adjuster because plaintiff made only conclusory allegations, recited elements of causes of action, and "repeatedly refer[red] to the allegedly wrongful conduct as taken jointly by 'Defendants' . . . without specifying the conduct taken by each separately").

---

[3] Compl. ¶¶ 26, 32, 34, 36, ECF No. 1-6.

App. 000033

Plaintiff does not, in any way, articulate on what basis it believes that Defendants either made untrue statements or misrepresented material facts. On the whole, not only do Plaintiff's allegations concerning Section 541 not meet Rule 9(b)'s heightened pleading requirements, but they are most fairly characterized as legal conclusions couched as factual allegations. *See, e.g., Cavazos v. Sussex Ins. Co.*, No. 7:16-CV-00576, 2016 WL 6471139, at *2 (S.D. Tex. Nov. 2, 2016) (finding similar allegations were "not pled with enough specificity to distinguish particular facts from legal conclusions" because, among other deficiencies, the plaintiffs did not explain "in even an elementary fashion" how the adjuster "failed to perform a thorough investigation, what damages [the adjuster] omitted from the estimate, [and] why such damages should have been included" (emphasis omitted)); *see also Mt. Hebron Missionary Baptist Church v. Scottsdale Ins. Co.*, No. 4:17-CV-3164, 2018 WL 8755785, at *5 (S.D. Tex. 2018) (stating that assertions that "merely parrot the language of the applicable sections of the Code" and do not attribute conduct to a particular defendant are "legal conclusion[s] couched as [] factual allegation[s]").

The same holds true for Plaintiff's allegations asserting liability under Sections 542.055–58 of the Code. Plaintiff alleges that Defendants failed to "acknowledge receipt of the claim within the time required by law[;]. . . failed to begin an investigation or request necessary documentation within 15 days of receiving notice of the claim" and "delayed payment beyond 60 days without a valid reason, thereby subjecting themselves to penalties under Texas law."[4] Plaintiff's allegations in paragraphs 73–76 of the complaint are essentially verbatim recitations of Sections 542.055–58 of the Code. And like the allegations relating to Sections 541.060 and 541.061, they contain no facts in support of the claims. That is, this is another example of Plaintiff asserting a legal conclusion couched as a factual allegation, which the Court need not consider in determining the

---

[4] *Id.* at ¶ 74.

App. 000034

merits of the Motion. *Tiras v. Encompass Home & Auto Ins. Co.*, No. 4:10-CV-3266, 2011 WL 5827298, at *5 (S.D. Tex. Nov. 17, 2011) ("[The insureds] state that [the insurer] delayed payment of their claim longer than allowed. Indeed, [the insureds] allege that [the insurer] has still not paid their claim in full. Yet [the insureds] have not provided facts to support their conclusory allegations." (cleaned up)). Accordingly, Defendants' Partial Motions to Dismiss are **GRANTED**.

### B. Defendants' Motion to Strike

Defendants argue that Plaintiff did not provide them with the requisite notice of its claims under § 542A.007(d) of the Texas Insurance Code including a statement of facts or omissions by Defendants giving rise to the claims asserted in these proceedings, the precise amount alleged to be owed by Defendants, and the amount of reasonable and necessary attorneys' fees incurred by Plaintiff.[5] Plaintiff responds that the May 7, 2025 letter addressed to Defendant Lexington constitutes pre-suit notice to Defendants Axis and StarStone.[6] The Court disagrees with Plaintiff.

Section 542A.003 of the Texas Insurance Code provides that "not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person . . . ." Tex. Ins. Code § 542A.003(a). The notice must provide: "(1) a statement of the acts or omissions giving rise to the claim; (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and (3) the amount of reasonable and necessary attorney's fees incurred by the claimant . . . ." *Id.* at § 542A.003(b). If notice is provided by an attorney or representative on the claimant's behalf, "the attorney or representative shall: (1) provide a copy of the notice to the claimant; and (2) include in the notice a statement that a copy of the notice was provided to the claimant." *Id.* at § 542A.003(c)(1). "The notice requirement is intended to give a defendant insurer

---

[5] Br. Supp. Mot. Strike 5, ECF No. 14.
[6] Pl.'s Resp. Defs.' Mot. Strike 3–5, ECF No. 18.

App. 000035

a right and opportunity to make a settlement offer." *Rodriguez v. Metro. Lloyds Ins. Co. of Tex.*, No. 5:15-CV-143-C, 2015 WL 12699855, at *4 (N.D. Tex. July 27, 2015) (citing Tex. Ins. Code § 541.156).

The Texas Supreme Court explained that section 542A.003 "requires the notice to provide 'the specific amount alleged to be owed by *the insurer* on *the claim*.'" *In re Lubbock Indep. Sch. Dist.*, 700 S.W.3d 426, 428 (Tex. 2024) (per curiam) (emphasis in original) (citing Tex. Ins. Code § 542A.003). The Texas Supreme Court held that an insured's "single notice to all insurers failed to satisfy these requirements" because "it failed to separately state the amount alleged to be owed by each insurer." *Id.* Here, Plaintiff's NOI asserts that "*Lexington Insurance Company* has failed to issue full payment for necessary repairs."[7] The letter to Lexington describes no acts or omissions by either StarStone or Axis.

On September 26, 2025, Plaintiff filed its Complaint asserting breach of contract and statutory claims against StarStone, Lexington, and AXIS. ECF No. 1-6, ¶¶ 44–77. As such, pursuant to § 542A.003(b)(2) of the Texas Insurance Code, Plaintiff was required to provide StarStone and Axis pre-suit notice no later than July 27, 2025. Plaintiff only provided Lexington with the required presuit notice.[8] Providing presuit notice to other insurers but not Defendants, cannot satisfy the presuit notice requirements set out in the Texas Insurance Code. *Lotus SKY, LLC v. Lexington Ins. Co.*, No. 2:24-CV-00085-Z-BR, 2024 WL 3906768, at *2 (N.D. Tex. Aug. 22, 2024).

Plaintiff argues in the alternative that should the Court find that Defendants were not given proper presuit notice but that "the appropriate remedy would be limited abatement to allow supplemental notice—not striking Plaintiff's attorneys' fees." Again, the Court disagrees. In 2017,

---

[7] Pl.'s Resp. Defs.' Mot. Strike, Ex. A (Plaintiff's NOI Letter), ECF No. 18.
[8] *Id.*

App. 000036

the Texas Legislature revised the Insurance Code to provide defendant-insurers with a choice of remedies when plaintiffs do not provide the required presuit notice "such as limiting attorney's fees (Tex. Ins. Code § 542A.007(d)) or abating the proceedings (Tex. Ins. Code § 542A.005)." *Rahe v. Meridian Sec. Ins. Co.*, No. 3:21-CV-545-E, 2022 WL 614995, *3 (N.D. Tex. Feb. 28, 2022). Defendants StarStone and Axis chose to limit Plaintiff's attorney's fees and abatement is inappropriate where a defendant has not filed a plea in abatement. *See id.* (citing Tex. Ins. Code § 542A.005(a)).

## IV.    CONCLUSION

For the forgoing reasons it is **ORDERED** that Plaintiff's claims against Axis and StartStone based on alleged violations of Chapter 541 and 542 of the Texas Insurance Code (§§ 541.060, 541.061, 542.055, 542.056, 542.057, 542.058) are **DISMISSED** because Plaintiff failed to plead such claims as required by the Federal Rules of Civil Procedure. **IT IS FURTHER ORDERED** that Plaintiff shall not recover any attorney's fees incurred after the filing date of StarStone's 542A.007(d) pleading on November 10, 2025.

**SO ORDERED** on this **19th day** of **May, 2026**.

Reed O'Connor

**CHIEF UNITED STATES DISTRICT JUDGE**

App. 000037

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHEN DISTRICT OF TEXAS
## FORT WORTH DIVISION

ROYAL METRO, LLC          §
                             §
        v.                      §        CIVIL ACTION NO. 4:25-CV-1297-Y
                             §
LEXINGTON INSURANCE COMPANY,  §
STARSTONE SURPLUS INSURANCE    §
COMPANY,  AND STARSTONE           §
SPECIALTY INSURANCE COMPANY,    §

## ORDER GRANTING MOTIONS TO DISMISS PLAINTIFF'S
## EXTRACONTRACTUAL CLAIMS PURSUANT TO FED. R. CIV. P. 12(b)(6)

On this day, the Court considered the separate Motions to Dismiss Plaintiff's Extracontractual Claims Pursuant to Fed. R. Civ. P. 12(b)(6)  (docs. 5 and 7)  filed by defendant AXIS Surplus Insurance Company ("AXIS") and defendant Starstone Specialty Insurance Company ("Starstone"). As of the date of this order, there have been no responses in opposition to these motions.  See N. D. Tex. L. Civ. R. 7.1(e) (requiring that responses to opposed motions be filed within twenty-one days after the motion is filed).  After review of the motions, Plaintiff's complaint filed in state court prior to removal, and the applicable law, the Court concludes that the motions should be, and they are hereby, **GRANTED**.

Therefore, Plaintiff's claims against AXIS and Starstone based on alleged violations of Chapter 541 and 542 of the Texas Insurance Code (§§ 541.060, 541.061, 542.055, 542.056, 542.057, 542.058) are DISMISSED WITH PREJUDICE due to Plaintiff's failure to adequately plead those claims for relief.

SIGNED December 23, 2025.

_____
Terry R. Means
United States District Judge

App. 000039